IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **BE LABS, INC.,** | |
| Plaintiff, | C.A. No. 17-1051-RGA |
| v. | **JURY TRIAL DEMANDED** |
| **ENGENIUS TECHNOLOGIES, INC.,** | |
| Defendant. | |

SCHEDULING ORDER

This _24_ day of _August_, 2018, the Court having conducted an initial Rule 16(b)

scheduling conference on August 24, 2018 pursuant to Local Rule 16.1(b), and the parties having

determined after discussion that the matter cannot be resolved at this juncture by settlement,

voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1.    Rule 26(a)(1) Initial Disclosures and Discovery Default Standard. Unless otherwise

agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of

Civil Procedure 26(a)(l) within **(45) forty-five days** of the date of this Order.  If they have not

already done so, the parties are to review the Court's Default Standard for Discovery, Including

Discovery of Electronically Stored Information ("Default Standard"), which is posted at

http://www.ded.uscourts.gov (see Local Rules and Standing Orders), and is incorporated herein

by reference.

2.    Joinder of Other Parties and Amendment of Pleadings. All motions to join other

parties, and to amend or supplement the pleadings, shall be filed on or before **June 3, 2019.**

3.    Discovery.

01:23556368.1                                       1

a.      Discovery Cut Off. All discovery in this case shall be initiated so that it will be completed on or before **November 1, 2019**.

b.      Document Production. Document production shall be substantially complete by **May 3, 2019**.

c.      Requests for Admission. A maximum of forty (40) requests for admission are permitted for each side.  Notwithstanding the foregoing, there is no limit on the number of requests for admission the parties may serve to establish the authenticity of documents.

d.      Interrogatories. A maximum of twenty-five (25) interrogatories, including contention interrogatories, are permitted for each side.

e.      Depositions.

i.      Limitation on Hours for Deposition Discovery. Each side is limited to a total of seventy (70) hours of taking testimony of party witnesses by deposition upon oral examination (which includes witnesses pursuant to Fed. R. Civ. Proc. 30(b)(6) and witnesses pursuant to Fed. R. Civ. Proc. 30(b)(1) who are employed by the defendant at the time the plaintiff serves a notice of deposition of such witness). There will be no limit for depositions of third-party witnesses. Unless otherwise agreed, the daily limit of seven (7) hours shall apply to all depositions and witnesses shall not be deposed for more than one day.  The parties agree to meet and confer in good faith to regarding additional deposition time for certain witnesses (e.g., inventors, experts, or 30(b)(1) witnesses also designated for 30(b)(6) testimony) to the extent a party believes additional time is warranted.

ii.     Location of Depositions. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district.

Exceptions to this general rule may be made by order of the Court or by agreement of the parties. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision. Here, Defendant has not filed an action in this Court, and depositions of its representatives will occur in the location of the witness's residence or in such other location as the parties agree.

                    iii.     Discovery Matters and Disputes Relating to Protective Orders. Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact the Court's Case Manager to schedule an in-person conference/argument. Unless otherwise ordered, by no later than forty-eight hours prior to the conference/argument, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. By no later than twenty-four hours prior to the conference/argument, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition. Should any document(s) be filed under seal, a courtesy copy of the sealed document(s) must be provided to the Court within one hour of e-filing the document(s).

                    If a discovery-related motion is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the discovery matters procedures set forth in this Order.

        4.     Application to Court for Protective Order. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within **thirty (30) days** from the date of this Order. Should

counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 3(g) above.

Any proposed protective order must include the following paragraph:

> Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

5.    Papers Filed Under Seal. When filing papers under seal, counsel shall deliver to the Clerk an original and one copy of the papers. A redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document.

6.    Courtesy Copies. The parties shall provide to the Court two courtesy copies of all briefs and one courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal.

7.    Claim Construction Issue Identification. On or before **January 18, 2019**, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court.  Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be filed no later than **February 8, 2019**. The Joint Claim Construction Chart, in Word or WordPerfect format, shall be e-mailed simultaneously with filing to rga_civil@ded.uscourts.gov. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in

support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

8.     Claim Construction Briefing. The Plaintiff shall serve, but not file, its opening brief, not to exceed 20 pages, on **March 8, 2019**. The Defendant shall serve, but not file, its answering brief, not to exceed 30 pages, on **March 29, 2019**. The Plaintiff shall serve, but not file, its reply brief, not to exceed 20 pages, on **April 12, 2019**. The Defendant shall serve, but not file, its sur-reply brief, not to exceed 10 pages, on **April 26, 2019**. No later than **May 3, 2019**, the parties shall file a Joint Claim Construction Brief.   The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

## JOINT CLAIM CONSTRUCTION BRIEF

I.     Agreed-upon Constructions

II.    Disputed Constructions

A.     [TERM 1]
1.     Plaintiffs Opening Position
2.     Defendant's Answering Position
3.     Plaintiffs Reply Position
4.     Defendant's Sur-Reply Position

B.     [TERM 2]
1.     Plaintiff's Opening Position
2.     Defendant's Answering Position
3.     Plaintiffs Reply Position
4.     Defendant's Sur-Reply Position

Etc. The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an appendix, the parties shall submit them in a Joint Appendix.

9.    <u>Hearing on Claim Construction</u>. Beginning at $9\omega$   **.m. on**       ~~**July**~~ *June 10* , **2019**
the Court will hear argument on claim construction. Absent prior approval of the Court (which, if
it is sought, must be done so by joint letter submission no later than the date on which answering
claim construction briefs are due), the parties shall not present testimony at the argument, and the
argument shall not exceed a total of three hours.

10.    <u>Disclosure of Expert Testimony</u>.

a.    <u>Expert Reports</u>. For the party who has the initial burden of proof on the
subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before
**November 22, 2019**. The supplemental disclosure to contradict or rebut evidence on the same
matter identified by another party is due on or before **December 20, 2019**. Reply expert reports
from the party with the initial burden of proof are due on or before **January 10, 2020**. No other
expert reports will be permitted without either the consent of all parties or leave of the Court.
Along with the submissions of the expert reports, the parties shall advise of the dates and times of
their experts' availability for deposition. Depositions of experts shall be completed on or before
**January 31, 2020**

b.    <u>Objections to Expert Testimony</u>. To the extent any objection to expert
testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*,
509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion
no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the
Court.

11.    <u>Case Dispositive Motions</u>. All case dispositive motions, an opening brief, and
affidavits, if any, in support of the motion shall be served and filed on or before **March 2̲0̲, 2020**.
No case dispositive motion under Rule 56 may be filed more than ten days before the above date
without leave of the Court.

12.     Applications by Motion. Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

13.     Pretrial Conference. On **August $\mathcal{N}$, 2020**, the Court will hold a Rule 16(e) final pretrial conference in Court with counsel beginning at $\underline{9.00}$ **_a_.m.** The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5 p.m. on the third business day before the date of the final pretrial conference. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.

14.     Motions _in Limine_. Motions _in limine_ shall not be separately filed. All _in limine_ requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to three _in limine_ requests, unless otherwise permitted by the Court. The in limine request and any response shall contain the authorities relied upon; each _in limine_ request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the party making the _in limine_ request may add a maximum of one additional page in reply in support of its request. If more than one party is supporting or opposing an _in limine_ request, such support or opposition shall be combined in a single three page submission (and, if the moving party, a single one page reply). No separate briefing shall be submitted on _in limine_ requests, unless otherwise permitted by the Court.

15.     Jury Instructions, Voir Dire, and Special Verdict Forms. Where a case is to be tried to a jury, pursuant to Local Rules 47. I (a)(2) and 51.1, the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms no later than 5 p.m. on the third business day before the date of the final pretrial conference. The

parties shall submit simultaneously with filing each of the foregoing four documents in Word or WordPerfect format to rga_civil@ded.uscourts.gov.

16.     Trial. This matter is scheduled for a **5-day** trial beginning at 9:30 a.m. on **September $\partial$ , 2020**, with the subsequent trial days beginning at 9:30 a.m. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

17.     ADR Process. This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

18.     Service by E-Mail.  The parties consent to service by e-mail, in accordance with Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure. The parties agree that service on any party by e-mail shall be made on both Delaware and Lead counsel for that party.

UNITED STATES DISTRICT JUDGE